UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12-cv-00178 |
| ) | Chief Judge Haynes |
| ) | |
| JASON SAUNDERS, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff, Jerome S. Barrett, also known as Abdullah Jihad Abdul Jaami, a state prisoner, filed this action under 42 U.S.C. § 1983 against the Defendants: the Tennessee Department of Corrections ("TDOC") and Jason Saunders, Bruce Coates, Cynthia Clark, Rebuen Hodge, and Candace Whisman. Plaintiff's claims arise from a dispute involving his TDOC classification based upon his 1974 conviction being erroneously characterized as "unlawful carnal knowledge of a woman forcibly and against her will." Plaintiff alleges that the Defendants' erroneous classification has unduly restricted contact visits with his family members. Upon initial review of Plaintiff's complaint, the Court dismissed all of Plaintiff's claims. (Docket Entry Nos. 16 and 17).

Before the Court are Plaintiff's motion to supplement complaint, for clarification of order and to amend or make additional findings (Docket Entry No. 21) and Plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60(a) (Docket Entry No. 22).

In his motion for relief from judgment, Plaintiff contends that the Court made a mistake in its recitation of the facts in its Memorandum (Docket Entry No. 16). Given the style of Plaintiff's

1

motion as "motion for relief from judgment" the Court considers Plaintiff's motion under both Fed. R. Civ. P. 60(a) and 60(b).

Under Fed. R. Civ. P. 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission, including inadvertent omissions from the record." Mutchler v. Dunlap Mem. Hosp., No. 5:05-cv-883, 2006 WL 2850458, at *1 (N.D. Ohio Oct. 2, 2006). Rule 60(a) only applies to clerical errors, rather than to revisit substantive judgments. Id.

> The basic distinction between clerical mistakes and mistakes that cannot be correct pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

Pruzinsky v. Gianetti, 282 F.3d 434, 440 (6th Cir. 2002). "A court does not abuse its discretion when it makes the record 'speak the truth' rather than 'something other than what was originally pronounced.'" Mutchler, 2006 WL 2850458 at *1 (quoting Pruzinsky, 282 F.3d at 440).

In his motion for relief from judgment, Plaintiff contends that the Court mistakenly cited that "In October 2011, Plaintiff received a visit from 'this' niece whom Plaintiff's mother brought to see Plaintiff." (Docket Entry No. 22 at 1). Plaintiff asserts that this fact is incorrect because his mother was wheelchair bound and that Plaintiff's niece actually drove Plaintiff's mother to see him in prison. Id. at 1-2. In a word, Plaintiff seeks a correction that his niece drove Plaintiff's mother to the prison to visit him. The Court accepts that Plaintiff's mother could not drive to the prison because

she was partly paralyzed and wheelchair bound, but, this minor factual detail does not alter the Court's ruling on Plaintiff's claims.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment, order or proceeding where the party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect." Brown v. White, No. 96-3610, 1997 WL 570399, at *2 (6th Cir. Sept.11, 1997). Rule "60(b)(6) should be used only in exceptional or extraordinary circumstances and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)." Pierce v. United Mine Workers of America Welfare and Retirement Fund, 770 F.2d 449, 451 (6th Cir.1985) (citations omitted). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (citations omitted). After reviewing Plaintiff's motion, the Court concludes that Plaintiff fails to raise any valid grounds to amend or vacate the Court's judgment under Rule 60(b).

For these reasons, Plaintiff's motion for relief from judgment (Docket Entry No. 22) is **DENIED**. Given that Plaintiff's action remains dismissed, Plaintiff's motion to supplement

complaint, for clarification of order, and to amend or make additional findings (Docket Entry No. 21) is **DENIED** as moot.

In accordance with the Court's prior Order (Docket Entry No. 17), Plaintiff's federal claims are **DISMISSED with prejudice**, but Plaintiff's state law claims are **DISMISSED without prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 9th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court